FILED
2021 Apr-12  AM 08:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 2:20-cr-39-RDP-JHE |
| | ) |
| JECOREY TYSHAWN EDWARDS ALLEN | ) |

**PLEA AGREEMENT**

The Government and the defendant, JECOREY TYSHAWN EDWARDS

ALLEN, hereby acknowledge the following plea agreement in this case.

**PLEA**

The defendant agrees to plead guilty to **COUNTS ONE through FOUR,

SIX, EIGHT, FOURTEEN, SEVENTEEN, and TWENTY** of the Indictment

filed in the above numbered and captioned matter.  In exchange, the United States

Attorney, acting on behalf of the Government and through the undersigned Assistant

United States Attorney, agrees to dismiss **COUNTS FIVE, SEVEN, NINE

through THIRTEEN, FIFTEEN, SIXTEEN, EIGHTEEN, NINETEEN and

TWENTY-ONE,** and recommends the disposition specified below, subject to the

conditions in paragraphs **VII** and **VIII**.

Defendant's Initial  JTEA

## TERMS OF THE AGREEMENT

### I.   MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for the unlawful sale of firearms by an unlicensed dealer in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D), as charged in **COUNT ONE**, is:

   a.   Imprisonment for not more than five years;

   b.   A fine of not more than $250,000, or,

   c.   Both (a and b);

   d.   Supervised release of not more than three years; and

   e.   A Special Assessment Fee of $100.

The defendant understands that the maximum statutory punishment that may be imposed for the unlawful sale of firearms by an unlicensed dealer who travels from one State to any other State in acquiring and selling the firearms in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(n), as charged in **COUNT TWO**, is:

   a.   Imprisonment for not more than ten years;

   b.   A fine of not more than $250,000, or,

   c.   Both (a and b);

Defendant's Initials: JTEA

     d.     Supervised release of not more than three years; and

     e.     A Special Assessment Fee of $100.

The defendant understands that the maximum statutory punishment that may be imposed for a false material statement used to acquire a firearm from a dealer in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2), as charged in **COUNTS THREE, FOUR, SIX, EIGHT, FOURTEEN, SEVENTEEN, and TWENTY,** is:

     a.     Imprisonment for not more than ten years;

     b.     A fine of not more than $250,000, or,

     c.     Both (a and b);

     d.     Supervised release of not more than three years; and

     e.     A Special Assessment Fee of $100.

## II.   FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

ATF initiated an investigation as the result of reported multiple firearm purchases by Jecorey Tyshawn Edwards ALLEN from Birmingham-area Federal Firearms Licensed ("FFL") dealers in July of 2019. Between November 7, 2018, and July 17, 2019, ALLEN purchased a total of 18 firearms, including 17 Taurus G2C, 9mm caliber semi-automatic pistols, and one American Tactical Imports (ATI), AR-style pistol, and subsequently traveled to the Washington D.C./Maryland

Defendant's Initials JTEA

area and sold each firearm. Specifically, the 17 Taurus G2C handguns purchased by ALLEN were identical in make, model, and caliber, and are relatively inexpensive; costing approximately $250 per firearm. These types of firearms are not normally collectible and their value does not typically increase unless sold on the black market to individuals who cannot purchase firearms or where the purchase occurs with more restrictive firearm laws. This would typically include states and areas such as Washington D.C and Maryland that have waiting periods, firearm registrations, quantity limitations, and other local regulations pertaining to the purchase and/or acquisition of firearms.

During the investigation, AT&T records were obtained which showed historical and real-time location data of ALLEN's cellular phones. The phones were identified as belonging to ALLEN as the number associated with his Facebook account. ALLEN answered the phones when agents called him. The data captured showed ALLEN's immediate travel out-of-state following the purchase of firearms in multiple sales in Birmingham to the Washington D.C./Maryland area.

On September 20, 2019, ALLEN was interviewed by agents at the ATF Birmingham Office and gave a voluntary statement after being advised of and waiving his *Miranda* rights. This interview was audio/video recorded. Agents notified ALLEN about the recovery of one of the multiple sale firearms he purchased on February 20, 2019, specifically a Taurus G2C, 9mm caliber semi-automatic pistol, serial number: TLO59238. ALLEN was advised that this firearm was recovered during a traffic stop on August 26, 2019. Furthermore, ballistics for this recovered firearm matched a projectile used in a shooting that occurred on June 27, 2019, in Washington D.C. Agents inquired if anyone told ALLEN about the shooting and ALLEN stated, "No." ATF agents told ALLEN that his purchase of

the firearm and the commission of the crime were relatively close in proximity. ALLEN responded, "I know."

ALLEN subsequently admitted travelling to the area of Washington D.C./Maryland and selling the 18 firearms that he purchased in multiple sales and single sale firearm purchases between November 7, 2018, and July 17, 2019.

Although, ALLEN represented on the 4473s he resided in Alabama, he in fact had no known residence at the time. The address on the 4473s is his grandmother's house and she informed agents he was not living there at the time of the purchases. Cellular location data showed his phone in the Washington D.C./Maryland area for much of the time around the time the purchases were made. ALLEN's Facebook profile listed Washington D.C./Maryland as his residence. Finally, ALLEN admitted he had not lived in Alabama in a while and was living in Washington D.C./Maryland area. He only returned to visit his uncle who was hospitalized. In fact, ALLEN was picked up for questioning from the hospital.

### Purchase Summary
(with each sale documented with an ATF 4473 signed by ALLEN)

**Single Sale by ALLEN made on 11/7/2018 from FFL Birmingham Pistol Parlor, located at 1833 Pinson Valley Parkway, Tarrant, Alabama 35217:**
- Taurus, G2C, 9mm caliber, semi-automatic pistol, S/N: TLT72473

**Multiple Sale by ALLEN made on 2/20/2019 from FFL Alabama Guns & Outdoors Inc., located at 2856 Pelham Parkway, Pelham, Alabama 35124:**
- Taurus, G2C, 9mm caliber, semi-automatic pistol, S/N: TMA84653
- Taurus, G2C, 9mm caliber, semi-automatic pistol, S/N: TLO59238 (Note: this firearm was used in a shooting was recovered by law enforcement in the Washington D.C./Maryland area)

**Multiple Sale by ALLEN made on 6/14/2019 from FFL Academy Sports and Outdoors, located at 2810 John Hawkins Parkway, Hoover, Alabama 35244:**
- Taurus, G2C, 9mm caliber, semi-automatic pistol, S/N: TMR70101
- Taurus, G2C, 9mm caliber, semi-automatic pistol, S/N: TMR69811

Defendant's Initials JTEA

**Multiple Sale by ALLEN made on 6/14/2019 from FFL Birmingham Pistol Wholesale, located at 6969 Gadsden Highway, Trussville, Alabama 35173:**
- Taurus, G2C, 9mm caliber, semi-automatic pistol, S/N: TMA20182
- Taurus, G2C, 9mm caliber, semi-automatic pistol, S/N: TMB38536
- Taurus, G2C, 9mm caliber, semi-automatic pistol, S/N: TMA20352
- Taurus, G2C, 9mm caliber, semi-automatic pistol, S/N: TMB39614
- Taurus, G2C, 9mm caliber, semi-automatic pistol, S/N: TMB37736
- American Tactical Imports (ATI), 5.56 caliber, AR-style pistol, S/N: NS198701

**Multiple Sale by ALLEN made on 7/17/2019 from FFL Birmingham Pistol Parlor, located at 1833 Pinson Valley Parkway, Tarrant, Alabama 35217:**
- Taurus, G2C, 9mm caliber, semi-automatic pistol, S/N: TLW09530
- Taurus, G2C, 9mm caliber, semi-automatic pistol, S/N: TLW09630
- Taurus, G2C, 9mm caliber, semi-automatic pistol, S/N: TMS69796
- Taurus, G2C, 9mm caliber, semi-automatic pistol, S/N: TLX63367
- Taurus, G2C, 9mm caliber, semi-automatic pistol, S/N: TMR37798

**Single Sale by ALLEN made on 7/17/2019 from FFL Academy Sports and Outdoors, located at 2810 John Hawkins Parkway, Hoover, Alabama 35244:**
- Taurus, G2C, 9mm caliber, semi-automatic pistol, S/N: TMS58436

**Multiple Sale by ALLEN made on 7/17/2019 from FFL Birmingham Pistol Wholesale, located at 6969 Gadsden Highway, Trussville, Alabama 35173:**
- Taurus G2C, 9mm caliber, semi-automatic pistol, S/N: TKU36016
- Taurus G2C, 9mm caliber, semi-automatic pistol, S/N: TKU35948

　　　　**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

JECOREY TYSHAWN EDWARDS ALLEN

Defendant's Initials  JTEA

### III.   RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., the government will recommend the following disposition:

      (a)    That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

      (b)    That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the low end of the advisory United States Sentencing Guideline range as that is determined by the court on the date that the sentence is pronounced;

      (c)    That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court;

      (d)    That the defendant be required to pay a fine in accordance with the sentencing guidelines should the court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and

      (e)    That the defendant pays a special assessment fee of $900, said amount due and owing as of the date sentence is pronounced.

### IV.   WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, **JECOREY TYSHAWN EDWARDS ALLEN, hereby waive and give up my**

Defendant's Initials JTEA

right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose.   Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders  imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

(a)     Any sentence imposed in excess of the applicable statutory maximum sentence(s);

(b)     Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

(c)     Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the

defendant's satisfaction. The defendant further acknowledges and understands

that the government retains its right to appeal where authorized by statute.

    I, JECOREY TYSHAWN EDWARDS ALLEN, hereby place my
signature on the line directly below to signify that I fully understand the
foregoing paragraphs, and that I am knowingly and voluntarily entering into
this waiver.

                              JECOREY TYSHAWN EDWARDS ALLEN

## V.    UNITED STATES SENTENCING GUIDELINES

    Defendant's counsel has explained to the defendant, that in light of the United

States Supreme Court's decision in United States v. Booker, the federal sentencing

guidelines are advisory in nature.  Sentencing is in the court's discretion and is no

longer required to be within the guideline range.  The defendant agrees that, pursuant

to this agreement, the court may use facts it finds by a preponderance of the evidence

to reach an advisory guideline range, and defendant explicitly waives any right to

have those facts found by a jury beyond a reasonable doubt.

## VI.   AGREEMENT NOT BINDING ON COURT

    The defendant fully and completely understands and agrees that it is the

Court's duty to impose sentence upon the defendant and that any sentence

recommended by the government is NOT BINDING UPON THE COURT, and

that the Court is not required to accept the government's recommendation.  Further,

the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII.   VOIDING OF AGREEMENT

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII.   SUBSEQUENT CONDUCT

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility or cooperation, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of this Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in his sole discretion.**

Defendant's initials JT EA

## IX.   OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X.   COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs.  The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful.  Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI.   AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts.  The

defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

## XII.   TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration

consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## FORFEITURE

The defendant agrees to consent to the immediate entry of an order of forfeiture against him, pursuant to Fed. R. Crim. P. 32.2(b)(1), of all firearms involved in the commission of the offenses, in **COUNTS ONE through FOUR, SIX, EIGHT, FOURTEEN, SEVENTEEN, and TWENTY** of the Indictment, including,

| FIREARM |
|---|
| Taurus, G2C, 9mm, S/N:TLT72473 |
| Taurus, G2C, 9mm, S/N:TMA84653 |
| Taurus, G2C, 9mm, S/N:TLO59238 |
| Taurus, G2C, 9mm, S/N:TMR70101 |
| Taurus, G2C, 9mm, S/N:TMR69811 |

Defendant's Initials JTEA

| |
|---|
| Taurus, G2C, 9mm, S/N:TMA20182 |
| Taurus, G2C, 9mm, S/N:TMB38536 |
| Taurus, G2C, 9mm, S/N:TMA20352 |
| Taurus, G2C, 9mm, S/N:TMB39614 |
| Taurus, G2C, 9mm, S/N:TMB37736 |
| American Tactical Imports, 5.56 caliber, AR-style, S/N: NS198701 |
| Taurus, G2C, 9mm, S/N:TLW09530 |
| Taurus, G2C, 9mm, S/N:TLW09630 |
| Taurus, G2C, 9mm, S/N:TMS69796 |
| Taurus, G2C, 9mm, S/N:TLX63367 |
| Taurus, G2C, 9mm, S/N:TMR37798 |
| Taurus, G2C, 9mm, S/N:TMS58436 |
| Taurus, G2C, 9mm, S/N:TKU36016 |
| Taurus, G2C, 9mm, S/N:TKU35948 |

For purposes of entering said order of forfeiture, the defendant acknowledges that a nexus exists between said firearms and the criminal offenses to which the defendant is pleading guilty, and that such property was involved in or used in commission of the criminal offenses.

Page 14 of 18                    Defendant's Initials JTGA

The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any judicial forfeiture proceeding.  The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant also waives the requirements of Federal Rules of Criminal Procedure 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement.  The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including any Double Jeopardy challenges that the defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of the Indictment in this case and/or any pending or completed

administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

### Non-Abatement of Criminal Forfeiture

The defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture is collected in full. To the extent that forfeiture pursuant to this agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

## XIII. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of eighteen (18) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial,

to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence.  I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

N/A

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

4/7/21
DATE

JECOREY TYSHAWN EDWARDS
ALLEN
Defendant

Defendant's Initials JTEA

### XIV.  COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses.  My client has conveyed to me that my client understands this Agreement and consents to all its terms.  I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment.  I concur in the entry of the terms and conditions set forth herein.

4/8/21
DATE

JOHN F. COCKRELL
Defendant's Counsel

### XV.  GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

4/12/21
DATE

JONATHAN S. CROSS
Assistant United States Attorney

Page 18 of 18          Defendant's Initials JTEA